UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:09-cr-00127-LJM-DML-2 |
| AARON LATHAM, | ) ) ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to the October 15, 2012 Order entered by the Honorable Larry J. McKinney (ECF No. 75) designating the Criminal Duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on April 19, 2012 and the Supplemental Petition for Summons or Warrant for Offender Under Supervision filed on May 15, 2012. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 17, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 17, 2013, Aaron Latham ("Latham") appeared in person with appointed counsel, William H. Dazey, Jr. The government appeared by Joe H. Vaughn, Assistant United States Attorney. U. S. Parole and Probation appeared by Troy A. Adamson, U. S. Parole and Probation officer.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. Mr. Latham was re-advised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. A copy of the Petition for Warrant or Summons for Offender Under Supervision was provided to Mr. Latham and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3. Mr. Latham was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Latham stipulated that he committed Violations 1 through 4, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed on April 19, 2012 (ECF No. 73) as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | ***"The defendant shall work regularly at a lawful occupation."*** |
| | The offender has not had gainful employment since October 2010, and has not shown any effort to obtain new employment. |
| 2 | ***"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of every month."*** |
| | The offender failed to submit monthly supervision reports for March; April; December 2011, and January 2012. The offender also submitted monthly reports for February and March 2012 late. |

    3        ***"The defendant shall perform 100 hours of community service work as directed by the probation officer."***

                In May 2011, the offender completed 50 hours of community service; however, he has not completed any hours since.

    4        ***"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."***

                In October 2011, the offender advised the probation officer he had started a personal and potential employment relationship with Steven Kreps, whom he previously met at the Volunteers of America. At the time of the contact, Mr. Kreps was on supervised release and being supervised by this officer due to his conviction for fraud in this district. The offender did not have permission to associate with this felon.

5. Mr. Latham stipulated that he committed Violations 5 through 8, as set forth in the Supplemental Petition for Warrant or Summons for an Offender Under Supervision, filed on May 15, 2012 (ECF No. 71) as follows:

Violation Number    Nature of Noncompliance

    5        ***"The defendant shall not commit another federal, state, or local crime."***

                On April 26, 2012, the offender ran out of his residence naked, climbed an electric pole, ran out in front of an oncoming vehicle, rammed his head into the bumper, and stole the vehicle from the driver. The offender drove the vehicle into an occupied residence, causing significant damage to the vehicle and house. The offender was transported to Ball Memorial Hospital with injuries, but has recovered. The offender was later transferred to the psychiatric unit at Ball Memorial for further testing and observation. The Delaware County, Indiana, Sheriff's Department has issued a detention order on preliminary charges including: battery with bodily waste on law enforcement; criminal recklessness with a deadly weapon; public nudity; criminal mischief; auto theft; operating while intoxicated; and

        resisting law enforcement. Formal charges are pending in Delaware County, Indiana.

| | | |
|---|---|---|
| | 6 | **"The defendant shall not illegally possess a controlled substance."** |
| | 7 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | 8 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |

        The probation officer received information from a collateral source indicating the offender told her he had been smoking synthetic marijuana (K-2) on April 26, 2012. She also indicated the Ball Memorial Psychiatric Unit determined his erratic behavior on the night of April 26, 2012, was due to long term abuse of synthetic marijuana.

6. The highest grade of Violation (Violations 5, 6, 7, and 8) is alleged as a Grade B violation, pursuant to U.S.S.G. § 7B1.1(a)(2).

7. Mr. Latham's criminal history category is I.

8. The term of imprisonment applicable upon revocation of Latham's supervised release, therefore, is 4-10 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a).

9. The parties agreed that revocation of supervised release and imposition of a term of imprisonment of 366 days (12 months and one day) with no supervised release to follow was an appropriate disposition of the case.

        The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Aaron Latham violated the above-delineated conditions in the Petition and in the Supplemental Petition.

Mr. Latham's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 366 days (12 months and one day), with no supervised release to follow.

The Magistrate Judge requests that Troy A. Adamson, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*.  Both parties have waived the right to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge within 14 days after being served a copy of this Report and Recommendation

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Latham's supervised release and imposing a sentence of imprisonment of 366 days (12 months and one day) in the custody of the Attorney General or his designee with no supervised release to follow.

**IT IS SO RECOMMENDED** this 30th day of January, 2013.

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joe H. Vaughn
Assistant United States Attorney
joe.vaughn@udsoj.gov

William H. Dazey, Jr.

Indiana Community Federal Defender
bill.dazey@fd.org

U. S. Parole and Probation

U. S. Marshal